~~SEALED~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRANCISCO JAVIER CAMPOS,<br><br>Defendant. | Case No.:  '22 MJ00514<br><br>COMPLAINT FOR VIOLATION OF:<br><br>18 U.S.C. § 922(g)(1) –<br>Felon in Possession of Ammunition;<br><br>21 U.S.C. § 841(a)(1) –<br>Possession of Methamphetamine with Intent to Distribute |

The undersigned complainant being duly sworn states:

### COUNT 1

On or about November 4, 2021, within the Southern District of California, defendant FRANCISCO JAVIER CAMPOS, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: approximately 12 rounds of Speer 9mm Luger ammunition; in violation of Title 18, United States Code, Section 922(g)(1).

COUNT 2

On or about November 4, 2021, within the Southern District of California, defendant FRANCISCO JAVIER CAMPOS, did knowingly and intentionally possess with intent to distribute, 5 grams and more, to wit: approximately 23.61 grams of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

The complainant further states that this complaint is based on the attached Probable Cause Statement incorporated herein by reference.

_____
Ricardo Jimenez
ATF Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 14TH day of February, 2022.

_____
HON. ANDREW G. SCHOPLER
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all of the information known to myself or other federal agents and state and local officers regarding this investigation, but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On or about November 4, 2021, Chula Vista Police Department ("CVPD") detectives were conducting extra patrol and surveillance due to a gang-related shooting earlier that day in the area of 778 Broadway in Chula Vista, CA, within the Southern District of California.

A detective observed CAMPOS, a documented Old Town National City ("OTNC") criminal street gang member, walk out of the SureStay Hotel Room number 105 and into the parking lot. CAMPOS approached his vehicle, a 2005 black Toyota Solara, and opened the trunk. CAMPOS got into his vehicle and exited the parking lot, heading southbound on the 700 block of Broadway. Based on his observations, a CVPD K9 Officer initiated a traffic stop for an equipment violation at 696 Broadway.

A routine record check of CAMPOS revealed CAMPOS was on Post Release Community Supervision and subject to Fourth Amendment waiver conditions. CAMPOS was asked to step outside of the vehicle and was placed into handcuffs.

The CVPD K9 Officer briefly spoke with CAMPOS and asked him if he had anything illegal inside of the vehicle. CAMPOS stated he had ammunition inside of the trunk of the vehicle. The Officer completed a fourth waiver compliance check on CAMPOS's vehicle and located twelve (12) 9mm Speer Luger ammunition rounds concealed inside of a Kirkland baby wipes container located inside the vehicle's trunk. CAMPOS was placed under arrest.

During a Post-Miranda interview, CAMPOS stated he had arrived at the SureStay hotel to obtain the ammunition. Campos stated he obtained the ammunition for a handgun he had at his residence, located at on the 900th block of E. 7th Street, National City, CA,

within the Southern District of California. Campos stated he kept the firearm unloaded and wrapped in a bandana inside of a safe.

CVPD Detectives and National City Police Department ("NCPD") then completed a fourth waiver compliance check at CAMPOS's residence. During the fourth waiver compliance check, the officers located the safe CAMPOS had previously referred to. A CVPD Detective utilized CAMPOS' safe key on his vehicle's keyring to unlock the safe. Inside the safe, the Detective found a black 9mm semi-automatic unserialized handgun (often referred to as a "ghost gun") wrapped in a blue bandana as CAMPOS had described.

During the fourth waiver compliance check, in the drawers of a dresser in CAMPOS' room, officers also located several containers containing a crystalline substance believed to be methamphetamine based on the officers' training and experience and a working digital scale that had a white residue on the surface.

Preliminary records checks revealed the following criminal history listed below, though it is possible there may be additional history located after further queries are conducted:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 12/13/2004 | CASD – Corr Donovan | Cnt 1: VC10851(A) – Unlawful take and drive a vehicle (Felony)<br><br>Cnt 2: 496 (A) PC - Receive/Etc Known Stolen Property<br><br>Cnt 3: 32 PC - Accessory | 2 Years' Prison<br><br>2 Years' Prison<br><br>2 Years' Prison |
| 07/29/2013 | CASC – San Diego | 11377 (A) HS – Posess Controlled Substance (Felony) | 3 Years' Probation |
| 08/06/2019 | CASCM- Chula Vista | 245 (A) (4) PC – ADW with Force: Possible GBI | 3 Years' Prison |

Presumptive tests on the suspected narcotics seized revealed approximately 23.61 grams (g) of methamphetamine.

The ammunition was inspected. Preliminary checks revealed the ammunition was not manufactured in California. Therefore, the ammunition traveled in and/or affected interstate commerce to arrive in the state of California.